The State *v.* Saylor.

## The State *v.* W. S. Saylor.

INDICTMENT. *Felonious assault.* An indictment, containing all the necessary averments, of an assault with intent to commit murder in the second degree, is good as such, though it charge the intent to commit murder in the first degree. The omission of the elements of deliberation and premeditation in the indictment does not invalidate it, but only reduces the offense from that erroneously charged to that sufficiently set forth and described therein.

### FROM VANBUREN.

Appeal in error from the Circuit Court of Van-Buren county.   J. J. WILLIAMS, J.

ATTORNEY-GENERAL LEA for the State.

C. MARCHBANKS for Saylor.

McFARLAND, J., delivered the opinion of the court.

The State appeals from the judgment of the circuit court quashing the indictment, the material parts of which is in these words: "The grand jurors, upon their oaths, present that W. S. Saylor and John Green did, on the 15th day of September, 1877, in White county, unlawfully, feloniously, and of their malice aforethought, assault and beat with stones, sticks, knives and other weapons, one J. S. Clifton, with intent then and there, and thereby to unlawfully, feloniously, with malice aforethought, to commit murder

in the first degree, against the peace and dignity of the State."

It is not insisted by the attorney-general that this is a good indictment for an assault with intent to commit murder, as it fails to charge deliberation and premeditation.

But by sec. 4630 of the Code it is provided, that if any person assault another with intent to commit, or otherwise attempt to commit any felony or crime, punishable by imprisonment in the penitentiary when the punishment is not otherwise prescribed, he shall, on conviction, be punished in the penitentiary not exceeding five years, or by imprisonment in the county jail not exceeding one year, or by fine not exceeding five hundred dollars, at the discretion of the jury.

It is argued, that under this section the defendant might be convicted of an assault with intent to commit any of the degrees of felonious homicide below murder in the first degree. Although the indictment describes the offense as an assault with intent to commit murder in the first degree, yet the character of the offense charged must be determined from the words descriptive of the assault. As in Logan v. The State, 2 Lea, where the indictment, in describing the assault, uses all the words of the statute defining the offense of an assault with intent to commit murder in the first degree, that is, maliciously, deliberately, premeditatedly, etc., yet failed to charge in terms that it was with intent to commit murder in the first degree, it was nevertheless held to be a good indictment for that offense; so in the present case, although the in-

dictment, in conclusion, defines the offense as an assault with intent to commit murder in the first degree, yet the other words of the indictment show the offense charged to be an assault with intent to commit a lower degree of felonious homicide, that is, murder in the second degree.

The judgment will therefore be reversed and the cause remanded.